UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS GONZALEZ-QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL C. HAYDEN, et al.,<br><br>Defendants. | Case No. 09-cv-1469-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Jesus Gonzalez-Quezada, a state inmate proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in this proposed 42 U.S.C. § 1983 civil rights action against Michael C. Hayden, Barbara Miner, Richard D. Johnson, Vanessa M. Lee and Lila J. Silverstein. Dkt. No. 1, Att. 1. After careful consideration of Plaintiff's IFP application, Dkt. No. 1, proposed complaint, Dkt. No. 1, Att. 1, the governing law and the balance of the record, the Court recommends that Plaintiff's case be DISMISSED without prejudice and his IFP application be DENIED as moot.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief

REPORT AND RECOMMENDATION
PAGE - 1

can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The United States Supreme Court has also held that courts may dismiss IFP complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In order to state a claim for relief under § 1983, a plaintiff must assert that he suffered a violation of rights protected by the United States Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see also WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999). This requires a plaintiff to allege facts demonstrating how a named defendant caused or personally participated in causing the constitutional or statutory violations alleged in the complaint. *Arnold v. Int'l Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, Plaintiff is challenging the very fact of his physical imprisonment, asserting that his convictions in King County Superior Court were unlawfully obtained. *See* Dkt. No. 1, Att. 1. However, because Plaintiff's ultimate objective by this action is to challenge his confinement, his sole federal remedy is a writ of habeas corpus — not a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Heck v. Humphrey*, 512 U.S. 477,

REPORT AND RECOMMENDATION
PAGE - 2

487 (1994) (holding that if a judgment in favor of a plaintiff would imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated). Indeed, Plaintiff has previously filed a 28 U.S.C. § 2254 habeas petition challenging his convictions in King County Superior Court. *See* Case No. 09-cv-0168-RAJ-JPD.

Plaintiff's complaint suffers from additional deficiencies. He has failed to state a claim for relief against all defendants. Moreover, Plaintiff has named improper defendants. For example, Judge Michael C. Hayden is immune from liability under § 1983. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Plaintiff also cannot sustain a cause of action against Vanessa M. Lee and Lila J. Silverstein, his public defenders, as public defenders are not considered state actors for purposes of bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Barbara Miner and Richard D. Johnson, as court clerks, are also immune from liability. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises Plaintiff of his responsibility to research the facts and law before filing a complaint in federal court in order to determine whether his claim for relief is frivolous. If Plaintiff files another frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If Plaintiff files numerous frivolous complaints, the Court may bar him from proceeding in this court as a vexatious litigant. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing vexatious litigant bar order requirements).

Accordingly, the Court recommends that Plaintiff's case be DISMISSED without prejudice and his IFP application be DENIED as moot. 28 U.S.C. § 1915(e)(2)(B).

1 | Furthermore, this dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g). A
2 | proposed Order accompanies this Report and Recommendation.

DATED this 2nd day of November, 2009.

*James P. Donohue*
———————————————
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4