THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS GONZALES-QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL C. HAYDEN, et al.,<br><br>    Defendants. | Case No. C09-1469-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James P. Donohue (Dkt. No. 4), and Plaintiff's Objections (Dkt. No. 5). Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R with additional comments, as detailed below.

**I.    BACKGROUND**

Plaintiff is seeking to proceed *in forma pauperis* in this putative action under 42 U.S.C. § 1983. (*See* Dkt. No. 1.) Plaintiff began his proposed complaint by alleging "a Criminal-Act of the King County Superior Court trying to prevent Plaintiff from Appealling [*sic*] this 'FRAUDALENT' [*sic*] conviction . . . ." (Compl. 4 (Dkt. No. 1-2).) In essence, Plaintiff believes that a conspiracy "involving Crooked Judges, Crooked Clerks, Crooked Bailiffs, Crooked Commissioners, Crooked Justices, the Crooked Agency called the Washington Appellate Project, and this Court, Western District of Seattle" is preventing him from

ORDER
PAGE - 1

appealing his state criminal conviction. (*Id.* at 4–5.) He refers frequently to his "Constitutional right to Appeal," and insists that a number of actors have destroyed documents and court files in an effort to prevent him from exercising this "right." (*Id.* at 4, 8 *et seq.*) Plaintiff seeks monetary and declaratory relief, in addition to an injunction ordering two of the defendants to "stop tampering with the Court's Records, and to include all missing Court's files in the Appellate Court." (*Id.* at 14.)

Magistrate Judge Donohue recommended denying Plaintiff's *in forma pauperis* application and dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 4.) First, Judge Donohue found that Plaintiff is challenging the very fact of his physical imprisonment, alleging that his convictions in King County Superior Court were unlawfully obtained, and therefore that his sole federal remedy is a writ of habeas corpus, not a § 1983 action. (R&R 2 (Dkt. No. 4).) Second, Judge Donohue noted that Plaintiff only named defendants who are immune from suit. (*Id.* at 3.)

In response, Plaintiff contends that his complaint does not seek to invalidate his sentence, but rather to expose a conspiracy against him to delay or halt his appeal. (Objections 1–2 (Dkt. No. 5).) He also contests Judge Donohue's decision on immunity.

## II. STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss a complaint prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages for defendants who are immune from suit. *See also Franklin v. Murphy*, 745 F.2d 1221, 1226–27 (9th Cir. 1984).

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). As usual, because Plaintiff is proceeding pro se, this Court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

//

## III. DISCUSSION

The deficiencies in Plaintiff's fanciful, unsupported complaint are legion. As Judge Donohue points out, it is obvious that Plaintiff's motivation for this § 1983 action is to challenge a conviction that he believes was fraudulently obtained. (*See* Compl. 7 (Dkt. No. 1-2).) The sole federal means to challenge the validity of his state criminal conviction is through a petition for a writ of habeas corpus—which, incidentally, he has already filed. *See Gonzales-Quezada v. Vail*, C09-0198-RAJ-JPD (W.D. Wash.).

The Court also observes that, contrary to Plaintiff's vehement assertions, there is no federal constitutional or statutory right to state appellate review of state criminal convictions. *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *McKane v. Durston*, 153 U.S. 684, 687 (1894). Accordingly, this action cannot proceed under § 1983, which only confers jurisdiction on the federal courts for violations of rights protected by the United States Constitution or created by federal statute. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).[1]

Additionally, it appears from the face of the proposed complaint that Plaintiff *is* receiving his appeal as of right (*see* Compl. 5 (Dkt. No. 1-2) (discussing pending appeal to Washington Court of Appeals and Washington Supreme Court).) To issue the requested relief,

---

[1] It is true that, if a State has created appellate courts as "an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant," *Griffin v. Illinois,* 351 U.S. 12, 18 (1956), the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution. For example, in *Griffin*, the Court required a transcript of the trial court proceedings as a prerequisite for appeal as of right. *Id.* at 13–14; *see also Evitts v. Lucey*, 469 U.S. 387 (1985). Construing his complaint liberally, Plaintiff may be contending that what he perceives as a two-year delay in the appellate process violated his right to due process. *See United States v. Antoine*, 906 F.2d 1379 (9th Cir.), *cert. denied*, 498 U.S. 963 (1990); *United States v. Chavez*, 979 F.2d 1350, 1354 (9th Cir. 1992). But a due process violation cannot be established absent a showing of prejudice to the appellant. *Chavez*, 979 F.2d at 1354; *see also Coe v. Thurman,* 922 F.2d 528, 532 (9th Cir.1990) (prejudice cannot be presumed). Given the fact that Petitioner is, in fact, receiving his appeal as of right, as discussed *infra*, Petitioner has not established the prejudice under the test established in *Antoine*. 906 F.2d at 1382.

therefore, would be to interfere in pending state criminal proceedings. In fact, this is precisely the basis on which Judge Pechman dismissed an indistinguishable lawsuit that Plaintiff attempted to file early in 2009. *See Gonzales-Quezada v. Hayden*, C09-0057-MJP (W.D. Wash.). As Judge Pechman noted, Plaintiff has not demonstrated the existence of any "extraordinary circumstances" that would justify federal intervention in ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana* 626 F.2d 82, 83–84 (9th Cir. 1980). Under the circumstances of this case, this federal Court could not, as requested, order a state appellate court to "make a ruling." (Compl. 14 (Dkt. No. 1-2).)

Finally, Judge Donohue (and, incidentally, Judge Pechman, in Plaintiff's previous lawsuit) correctly observed that *all* of Plaintiff's named defendants are immune from suit. Plaintiff's objections on this count are unavailing. Plaintiff cites *Pulliam v. Allen*, 466 U.S. 522 (1984), for the proposition that judges are not immune to cases seeking injunctive relief under § 1983. But *Pulliam* has been partially abrogated by statute: In 1996, Congress enacted the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), which amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Neither exception is at play here.[2] Judge Hayden is immune from suit. Plaintiff's other objections concerning Judge Donohue's recommendation on the clerks' immunity only repeat the conclusory allegations in

---

[2] Additionally, as Judge Tsuchida's R&R in C09-0057-MJP pointed out, the maxim still holds that a judge will only be subject to liability when (1) he acts in the "clear absence of all jurisdiction" or (2) he performs an act that is not judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). This is consistent with the Federal Courts Improvement Act's language that immunity extends to acts taken in the judge's official capacity. Nothing in any of Petitioner's filings would indicate, in more than a conclusory fashion, that Judge Hayden of King County Superior Court was acting outside the scope of his judicial authority.

ORDER
PAGE - 4

his proposed complaint; he cites no law binding upon this Court that would call those holdings into question.

"District Court judges sit in courtrooms, not classrooms; they are judges, not teachers." *Harper v. Wallingford*, 877 F.2d 728, 734 (9th Cir. 1989). All litigants in federal court—even those unrepresented by counsel—must perform adequate investigation into the facts and the law. This is the third lawsuit that Plaintiff has filed in this district on essentially indistinguishable facts,[3] and it is apparent that he is now simply taxing the Court's limited resources with frivolous lawsuits. This dismissal, therefore, shall count as a "strike" pursuant to 28 U.S.C. § 1915(g).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the R&R (Dkt. No. 4) as modified by this Order; DENIES Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) as moot; and DISMISSES his proposed complaint (Dkt. No. 1) without prejudice. This dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g).

DATED this 7th day of January, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Res judicata does not bar this complaint because Plaintiff's habeas petition is pending, and his other § 1983 claim was dismissed without prejudice.

ORDER
PAGE - 5